UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Gabrielle Alfano Fontana, as Administrator of the ESTATE of M.F., *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>Grove School, Inc., *et al.*<br><br>Defendants. | Civil No. 3:22-CV-01180 (SVN)<br><br><br><br><br><br>August 17, 2023 |

### DISCOVERY RULING

This case was referred to the undersigned for a ruling on Plaintiffs' Motion to Compel on May 31, 2023. ECF Nos. 41, 42. The case was initially scheduled for a discovery conference on June 15, 2023, but was rescheduled to July 5, 2023, at the request of the parties. ECF Nos. 45, 48, 49. Procedurally, the Court was not satisfied with Plaintiffs' compliance with the D. Conn. Local R. 37(a) meet and confer obligation. While Plaintiffs' motion contains a "Rule 37 Certification", the motion lacked an affidavit as required by this District's Rule. In light of this deficiency and the issues raised at oral argument, a follow-up meet and confer was ordered along with an invitation to provide supplemental briefing if necessary. ECF No. 51.

The parties provided simultaneous supplemental briefing on July 19, 2023. ECF Nos. 54, 55. For the reasons that follow, Plaintiffs' Motion to Compel responses to their March 17, 2023, Second Set of Requests for Production of Documents to Defendant Grove School, Inc. is DENIED. ECF No. 41.

Here, Plaintiffs seek an order compelling Defendant Grove School, Inc. to produce all deposition transcripts and documents exchanged in the case of *Estate of Mary Margaret Fitzpatrick*

1

*v. Grove School, Inc., et al,* Docket No. NNH-CV20-6107306-S, currently pending in the New Haven Superior Court (hereinafter "*Fitzpatrick*").

Substantively, Plaintiffs' motion raises several concerns for the Court that are not addressed in their brief. Despite guidance from the Court, Plaintiffs did not formally withdraw their March 17, 2023, Second Set of Requests for Production and serve a revised set of Requests for Production. ECF No. 51. Instead, they appended as Exhibit 1, "Plaintiffs' Proposed Revised Request for the Production of Documents." ECF No. 55-2. Defendant asserts the same objection to the proposed Requests for Production as it does for the requests that are the subject of this motion.

***March 17, 2023, Second Set of Requests for Production***.

On this record, Plaintiffs fail to demonstrate the relevance for a broad request for *all* discovery materials in *Fitzpatrick*. *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("The party seeking discovery bears the initial burden of proving the discovery is relevant. . . ."). "Asking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for." *Goro v. Flowers Foods, Inc.,* No. 17-CV-02580-JLS-JLB, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019).

While M.F. and Ms. Fitzpatrick were both enrolled at Grove School, the similarities end there. Here, the two students' enrollment at Grove School did not overlap. M.F. was enrolled from April 19 to May 20, 2021; Ms. Fitzpatrick was enrolled from September 2017 to August 2018. They had different mental health providers when they attended the school. This case involves the policies and procedures of supervision of students on campus. M.F. was enrolled at

Grove School when she died. *Fitzpatrick* involves the policies and procedures for expelling and discharging students from the school. Ms. Fitzpatrick was not attending Grove School at the time of her death.

The co-defendants in this case are *not* parties in *Fitzpatrick* and were not given notice of the depositions and did not attend or question the deponents in *Fitzpatrick*. "There could be a number of reasons why documents appropriately requested and provided in another case—even if the subject of those cases seem to overlap—would be irrelevant or burdensome to produce in another case." *Goro,* 2019 WL 6252499, at *18 *; see Nguyen v. Raymond James & Assocs., Inc.,* No. 8:20-CV-195-T-36AAS, 2020 WL 6801874, at *3 (M.D. Fla. Nov. 19, 2020) (finding that "the request as drafted is an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case."); *TravelPass Grp., LLC v. Caesars Ent. Corp.,* No. 5:18-CV-153-RWS-CMC, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) (finding "that an informal request that seeks wholesale duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance.").

On the issue of deposition transcripts, on April 28, 2023, Plaintiffs deposed Ashley Page, an Assistant Residential Director at Grove School. ECF No. 41-1, at 6. Plaintiffs state that Ms. Page testified that she was deposed in the *Fitzpatrick* case regarding her "<u>training and responsibilities at Grove School</u> as well as <u>Grove School policies and procedures</u>." *Id.*, at 6-7 (emphasis in original). As such, they argue that her prior testimony in the *Fitzpatrick* case is relevant to the instant matter and may be used for impeachment purposes. *Id.,* at 7 (citing Fed. R. Civ. P. 32(a)(8); Fed. R. Evid. 801(d)(1)(A)). Plaintiffs' reliance on Fed. R. Civ. P. 32(a)(8) (Deposition Taken in an Earlier Action) and Fed. R. Evid. 801(d)(1)(A) is misplaced as these rules address the admissibility of prior deposition testimony at trial, not the standard for production.

Plaintiffs made no showing regarding Ms. Page's testimony in this case, her particular responsibilities as Assistant Residential Director at Grove School, the scope of her duties, whether or not her duties were administrative, or the names and job titles of other Grove School employees involved in weighing a prospective student's medical and educational records for admission, or any other information that might provide insight into the admissions process.  Instead, Plaintiffs made conclusory allegations regarding the relevance of her testimony and admissibility of prior testimony at trial.  The Court finds that these conclusory statements do not establish relevance. Separate from the issue of relevance, of further concern to the Court, as articulated at oral argument, is that the *Fitzpatrick* case potentially involves highly sensitive confidential medical and educational records and information of a non-party that may be subject to a protective or confidentiality order.  *Barrella v. Vill. of Freeport*, No. 12-CV-0348 (ADS) (WDW), 2012 WL 6103222, at *2 (E.D.N.Y. Dec. 8, 2012) (affirming a Magistrate Judge's discovery order holding that while "obtaining the fruits of discovery in the earlier action might well save [Plaintiff] time and money, that does not entitle him to documents and information governed by the protective order."); *see In re Grand Jury Subpoena Duces Tecum Dated Apr. 19, 1991*, 945 F.2d 1221, 1226 (2d Cir. 1991) ("The sealing court is obviously best situated to evaluate the original need for the order and the ramifications of changing it."); *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1132 (9th Cir. 2003) ("The court that issued the [protective] order is in the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery.").  Plaintiffs have not provided notice to Plaintiffs in *Fitzpatrick* or an opportunity to object to the use or dissemination of these discovery materials.  Counsel for Plaintiffs did not request these discovery materials directly from counsel for Plaintiffs in *Fitzpatrick*.  *Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc.,* 92 F.R.D. 67, 69 (S.D.N.Y.

1981) ("Judicial hesitance to allow a litigant to intrude upon court ordered confidentiality in prior suits also evolves from a broader, more general notion that discovery in such instances is for the party receiving it, not outsiders, . . ., and that subsequent litigants should tailor their requests to the peculiarities of their own action."). Plaintiffs' counsel argued that in *Fitzpatrick* the parties have voluntarily offered detailed allegations in their Complaint, available to the public involving Ms. Fitzpatrick's medical history and treatment, mitigating concerns over confidentiality. This argument is not availing to the Court. The Court can only surmise that the information exchanged in the *Fitzpatrick* matter, which is being requested here, (for which relevance has not been established) contains intimate, detailed, confidential and/or medical information of a non-party, way beyond what is alleged in the Complaint.

Given the lack of relevance shown for the overbroad requests, which include potential confidential and/or medical information of a non-party, Plaintiff's Motion to Compel responses to their March 17, 2023, Second Set of Requests for Production of Documents to Defendant Grove School, Inc. is denied.

***Plaintiffs' Proposed Revised Second Request for the Production of Documents.***

Plaintiffs proposed requests for production seek production of the admission, clinical, and treatment records of Ms. Fitzpatrick. Defendant objects to the proposed requests for production on the same relevance grounds arguing that Plaintiffs are still unable to explain how the requests are relevant to the claims and issues in this case. ECF No. 54, at 1. The Court agrees.

As Defendant explained, their student population requires varying levels of supervision and decisions to place a student on "escorted supervision" or refer a student for hospitalization are based on that student's history and presentation. *Id.,* at 2. "Those decisions are made by the student's assigned clinicians (psychiatrist and therapist), in conjunction with the other members of

the student's team." *Id.* Plaintiffs have not demonstrated why Ms. Fitzpatrick's records are relevant to the issues in this case. Plaintiffs' attempt to draw parallels between M.J. and Ms. Fitzpatrick because the estates have filed lawsuits against Defendant stemming from their suicides does not, in and of itself, demonstrate relevance. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (citing *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) ("Although Plaintiff identifies certain similarities between the state cases and this case, such similarities are not enough to require a *carte blanche* production of all documents from the state cases."). Simply put, just because there may be overlap between the issues in the *Fitzpatrick* litigation and those in this case does not establish relevancy of all the documents that Plaintiffs seek. *Pictsweet Co. v. R.D. Offutt Co.,* No. 3:19-CV-0722, 2020 WL 12968432, at *5 (M.D. Tenn. Apr. 23, 2020). Nor have Plaintiffs "made nor attempted to make a showing of substantial identity of issues and presence of an adversary with the same motivation to cross-examine the deponents in the prior action." *George R. Whitten, Jr., Inc. v. State Univ. Const. Fund*, 359 F. Supp. 1037, 1039 (D. Mass. 1973), *aff'd*, 493 F.2d 177 (1st Cir. 1974) (seeking to use eight depositions taken in a prior action by the same plaintiff against another defendant). These proposed requests raise the same issues outlined above and will not be repeated here.

    This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless

reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge