## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GABRIELLE ALFANO FONTANA, as Administrator of the ESTATE OF M.F., *et al*., *Plaintiffs*, v. GROVE SCHOOL, INC., *et al.*, *Defendants*. | Civil No. 3:22-CV-01180 (SVN) October 25, 2023 |

### DISCOVERY RULING

This case was referred to the undersigned for a ruling on Plaintiffs' Motion to Compel the Deposition of Defendant Richard Chorney ("R. Chorney") on October 17, 2023. ECF Nos. 63, 63-1. The case was scheduled for a discovery conference on October 24, 2023, which occurred telephonically. ECF No. 66. Following the telephonic conference, and the Court having been advised that counsel for the parties have reached an agreement regarding the conduct of Defendant R. Chorney's deposition, the Court makes the following findings and conclusions:

1.  Since March 28, 2023, Plaintiffs' counsel has repeatedly requested of R. Chorney's counsel, both verbally and in writing, a mutually agreeable date for the conduct of Defendant R. Chorney's deposition, something to which Plaintiff is entitled pursuant to Fed. R. Civ. P. 30.

2.  Despite those requests, for almost seven months R. Chorney failed and refused to provide dates for his deposition, claiming that various medical conditions, including dementia, rendered him incapable of testifying.

3.      During the hearing in this matter, R. Chorney's counsel confirmed that R. Chorney never produced a doctor's note.

4.      On August 24, 2023, R. Chorney's counsel agreed to produce R. Chorney for deposition on October 4, 2023. Plaintiff's counsel duly noticed that deposition on August 28, 2023. On October 4, 2023, R. Chorney failed to appear for his agreed-to deposition to Plaintiff's counsel.

5.      As of the date of this Order, R. Chorney neither sought nor obtained a protective order from this Court.

6.      Plaintiffs filed the instant Motion on October 16, 2023.

7.      Regardless of whether R. Chorney believed that the conduct of his deposition was objectionable – and irrespective of any purported grounds therefore -- his failure to appear was not excused, because he had failed to file a motion for a protective order[1] under Fed. R. Civ. P. 26(c), as required by Fed. R. Civ. P. 37(d)(2).

Having considered all of the foregoing, the Court finds and concludes that the Motion should be GRANTED.

ORDERED, that the Motion is hereby GRANTED, and it is

FURTHER ORDERED, that R. Chorney shall, without fail, appear for his deposition commencing at 10:00 a.m. EST on November 6, 2023, which Plaintiffs' counsel has indicated will be conducted via Zoom, and it is

---

[1]      During a July 5, 2023, hearing on another motion in this case, Plaintiff's counsel raised concerns regarding the scheduling of R. Chorney's deposition. This Court invited R. Chorney's counsel to file a motion for a protective order if R. Chorney would not be appearing at his August 1, 2023, scheduled deposition. He did not do so.

FURTHER ORDERED, that in the event that R. Chorney fails to appear for his deposition, the Court will entertain a motion for an order to show cause as to why R. Chorney should not be held in contempt, and that such failure could result in the imposition of any or all of the sanctions delineated in Fed. R. Civ. P. 37(b)(2).

This is not a recommended ruling. This ruling and order is a "determination of [a] nondispositive motion[] … relating to discovery. D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

*/s/ Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge